UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
===================================X
CHRISTINA KLEMM,

                 Plaintiff,      **NOTICE OF REMOVAL**

      -against-                     *Index #22816/08*

MATTHEW R. STEIN, J.A.G. & H.E. CONSTRUCTION,
INC. and D.H.E. COMPANY, INC.,

                Defendants.
===================================X

CV 08 3641

GOLD, M.J.

AMON, J.

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT
    FOR THE SOUTHERN DISTRICT OF NEW YORK

This Notice of Removal on behalf of defendant respectfully shows:

1. On August 7, 2008, an action was commenced against defendant J.A.G. & H.E. CONSTRUCTION, INC., in the Supreme Court of the State of New York, Kings County, which action is entitled above. Copies of the Summons and Complaint are attached hereto and marked as *Exhibit "A"*.

2. The above described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C.A. 1332 and is one which may be removed to this Court by petitioner, pursuant to the provisions of 28 U.S.C.A. 1441 in that the matter in controversy allegedly exceeds the jurisdictional minimum for federal diversity actions exclusive of interest and costs.

3. Plaintiff was, at the time this action was commenced, and still is, a citizen of the State of Connecticut and resides in Litchfield County. Defendant, was, at the time this action was commenced, and still is, a corporation organized under the laws of the State of New York and having its principal place of business in the State of New York.

**WHEREFORE**, defendant, J.A.G. & H.E. CONSTRUCTION, INC., requests that the action now pending against it in the Supreme Court of the State of New York, Kings County, be removed therefrom to this Court.

Dated: New York, New York
September 5, 2008

Yours etc.,

KRAL, CLERKIN, REDMOND, RYAN,
PERRY & GIRVAN
Attorneys for Defendant
J.A.G. & H.E. CONSTRUCTION, INC.,
Office & P.O. Address
170 Broadway, Suite 500
New York, New York 10038
212-406-9710
Our File No.: **175058**

BY: _____
JEFFREY VAN ETTEN
A Member of the Firm
(S.S.# 9107)

TO: O'DWYER & BERNSTEIN, LLP
Attorneys for Plaintiff
52 Duane Street
New York, New York 10007
(212)571-7100

MATTHEW R. STEIN
220 East 72nd Street
New York, New York 10021

D.H.E. COMPANY, INC.
c/o Douglas Cohen
37 Canal Street
New York, New York 10002

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
CHRISTINA KLEMM,

                Plaintiff,      SUMMONS

   -against-

MATTHEW R. STEIN, J.A.G.& H.E. CONSTRUCTION,   Index # 22816/08
INC. and D.H.E. COMPANY, INC.,

                Defendants.   Date Filed: 8-7-08
---------------------------------------------------------------X

Plaintiff designates: KINGS County as the place of trial
Basis of the venue: Principal place of business of defendant J.A.G.&H.E.
                    CONSTRUCTION, INC.
Plaintiff resides: 11 Ives Road, Washington Depot, CT 06794-1117
                County of Litchfield

To the above named Defendants:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within **20 days** after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       August 5, 2008

Defendants' addresses:
MATTHEW R. STEIN, 220 East 72nd St., NY NY 10021
J.A.G.& H.E. CONSTRUCTION, INC., 35-02 Bradley Ave., Long Island City, NY 11101
D.H.E. COMPANY, INC., c/o Douglas Cohen, 37 Canal St., NY NY 10002

                        Yours, etc.

                        O'DWYER & BERNSTIEN, LLP

                        By: _____
                        Christopher Downes
                        Attorneys for Plaintiff
                        52 Duane Street
                        New York, New York 10007
                        (212) 571-7100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------X
CHRISTINA KLEMM,

                              Plaintiff,

-against-                                   COMPLAINT

MATTHEW R. STEIN, J.A.G. & H.E. CONSTRUCTION, INC.,
and D.H.E. COMPANY, INC.,

                                Defendants.      Index #
------------------------------------------------X

      Plaintiff CHRISTINA KLEMM, by and through her attorneys O'DWYER & BERNSTIEN, LLP, allege, upon information and belief, as follows:

1.      That at the time of the commencement of this action, plaintiff was a resident of Washington Depot, State of Connecticut.

2.      That the cause of action set forth herein arose in the County of New York, State of New York.

3.      That this action falls within one or more of the exemptions set forth in CPLR §1602, including, but not limited, to CPLR §1602 (7) and (8).

4.      That on August 1, 2007 and at all times herein mentioned, defendant MATTHEW R. STEIN was and still is resident of the City, County and State of New York.

5.      That on August 1, 2007 and at all times herein mentioned, defendant J.A.G. & H.E. CONSTRUCTION, INC. was a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

1

6. That on August 1, 2007 and at all times herein mentioned, defendant J.A.G. & H.E. CONSTRUCTION, INC. designated the County of Kings as its principal place of business in the State of New York.

7. That on August 1, 2007 and at all times herein mentioned, defendant D.H.E. COMPANY, INC. was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. That on August 1, 2007 and at all times herein mentioned, there existed a premises known as 56 East 80th Street, in the County, City and State County of New York.

9. That on August 1, 2007 and at all times herein mentioned, the aforesaid premises was also known as Block 1491, Lot 45 in the State of New York, County of New York.

10. That on August 1, 2007, and at all times herein mentioned, the aforesaid premises and/or structures thereon, was or were in the process of construction, reconstruction, renovation, demolition, erection, painting, cleaning, pointing and/or alteration.

11. That on August 1, 2007, and at all times herein mentioned, defendant MATTHEW R. STEIN was the owner of the aforementioned premises.

12. That on August 1, 2007, and at all times herein mentioned, defendant MATTHEW R. STEIN was a lessor of the aforementioned premises.

13. That on August 1, 2007, and at all times herein mentioned, defendant MATTHEW R. STEIN was a lessee of the aforementioned premises.

14. That on August 1, 2007, and at all times herein mentioned, defendant MATTHEW R. STEIN was acting as an agent of the owner of the aforementioned premises.

2

Page 10 of 16 Received on 8/18/2008 12:16:37 PM [US Mountain Standard Time]

15. That on August 1, 2007, and at all times herein mentioned, defendant MATTHEW R. STEIN was the general contractor and/or construction manager in charge of the work then and there in progress at the aforementioned location.

16. That on August 1, 2007, and at all times herein mentioned, defendant MATTHEW R. STEIN was a contractor in charge of the work then and there in progress at the aforementioned location.

17. That on August 1, 2007, and at all times herein mentioned defendant MATTHEW R. STEIN was a tenant of the aforementioned premises.

18. That on August 1, 2007, and at all times herein mentioned, defendant J.A.G. & H.E. CONSTRUCTION, INC. was the owner of the aforementioned premises.

19. That on August 1, 2007, and at all times herein mentioned, defendant J.A.G. & H.E. CONSTRUCTION, INC. was a lessor of the aforementioned premises.

20. That on August 1, 2007, and at all times herein mentioned, defendant J.A.G. & H.E. CONSTRUCTION, INC. was a lessee of the aforementioned premises.

21. That on August 1, 2007, and at all times herein mentioned, defendant J.A.G. & H.E. CONSTRUCTION, INC. was acting as an agent of the owner of the aforementioned premises.

22. That on August 1, 2007, and at all times herein mentioned defendant J.A.G. & H.E. CONSTRUCTION, INC. was the general contractor of the aforementioned premises.

23. That on August 1, 2007, and at all times herein mentioned defendant J.A.G. & H.E. CONSTRUCTION, INC. was a contractor of the aforementioned premises.

24. That on August 1, 2007, and at all times herein mentioned, defendant D.H.E COMPANY, INC. was the owner of the aforementioned premises.

3

25. That on August 1, 2007, and at all times herein mentioned, defendant D.H.E COMPANY, INC. was acting as an agent of the owner of the aforementioned premises.

26. That on August 1, 2007, and at all times herein mentioned defendant D.H.E COMPANY, INC. was the general contractor of the aforementioned premises.

27. That on August 1, 2007, and at all times herein mentioned defendant D.H.E COMPANY, INC. was a contractor of the aforementioned premises.

28. That sometime prior to August 1, 2007, defendant MATTHEW R. STEIN entered into a contract with defendant J.A.G. & H.E. CONSTRUCTION, INC. to perform certain construction services at the aforementioned location.

29. That sometime prior to August 1, 2007, defendant MATTHEW R. STEIN entered into a contract with defendant D. H. E. COMPANY, INC. to perform certain construction services at the aforementioned location.

30. That sometime prior to August 1, 2007, defendant J.A.G. & H.E. CONSTRUCTION, INC. entered into a contract with defendant D. H. E. COMPANY, INC. to perform certain construction services at the aforementioned location.

31. That sometime prior to August 1, 2007, defendants constructed a sidewalk bridge in front of the aforementioned location in order for pedestrians to walk by the location while construction was ongoing.

32. That on August 1, 2007, and at all times herein mentioned, plaintiff CHRISTINA KLEMM was lawfully walking on the sidewalk in front of the aforesaid location.

4

33.  That on August 1, 2007, while plaintiff CHRISTINA KLEMM was lawfully walking in front of the aforementioned location, plaintiff was struck by a falling object thereby causing her to sustain severe and permanent injuries.

34.  That the aforementioned occurrence and the results thereof including the injuries sustained by the plaintiff were caused by and due to the joint, concurrent and several negligence of the defendants, their agents, servants, employees and/or licensees in failing to provide the plaintiff with a safe passage to walk; in causing and/or permitting unsafe conditions to exist at the aforesaid construction site which constituted a danger, nuisance and menace to the safety of the plaintiff; in causing and/or permitting hazardous and dangerous conditions to exist in violation of law; in failing to take the necessary steps and measures to protect the life of the plaintiff; in failing to provide plaintiff with proper protection while she was walking under the sidewalk bridge and surrounding area in front of the aforementioned location; in causing the plaintiff to be exposed to hazardous and dangerous conditions without the benefit of adequate safety devices and appropriate protection for plaintiff's safety and welfare; in failing to construct, shore, equip, place, guard, arrange and maintain the premises so as to give full and proper protection to the plaintiff, all in reckless disregard to the rights of the plaintiff and in violation of applicable laws, statutes and ordinances, including but not limited to, sections 200, 240, 241, 241-a of the Labor Law of the State of New York; in negligently and recklessly constructing, reconstructing, renovating, demolishing, erecting, repairing, altering, painting, cleaning and/or pointing the aforesaid premises and/or the structures thereon, so as to give proper protection to the plaintiff, all in reckless disregard to the rights of the plaintiff and in violation of applicable laws, statutes and ordinances, including but not limited to, sections 200, 240, 241 and 241-a of the Labor Law of the State of New York; further, it is

5

alleged that the type of accident that occurred herein is not the type of accident that occurs in the absence of negligence and plaintiff intends to rely on the doctrine of *res ipsa loquitur*; and in being otherwise reckless, careless and negligent in owning, managing, supervising, inspecting, operating, equipping, arranging, guarding, constructing and maintaining the workplace.

35. By reason of the aforementioned plaintiff CHRISTINA KLEMM has been and will continue to be unable to attend to plaintiff's usual pursuits, has required and will continue to require hospital and medical attention in an attempt to cure herself of said injuries; has been and will continue to be required to expend money in said attempts; has sustained and continues to sustain pecuniary loss by reason of same; was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom, all to plaintiff's damage in an amount that exceeds the jurisdictional limits of all lower courts of the State of New York.

WHEREFORE, plaintiff demands judgment against each and all of the defendants herein in an amount that exceeds the jurisdictional limits of all lower courts of the State of New York together with the interest, costs and disbursements of this action.

Dated: New York, New York
August 2008

Page 14 of 16 Received on 8/18/2008 12:16:37 PM [US Mountain Standard Time]

Yours, etc.,

O'DWYER & BERNSTIEN, LLP

By: *Christopher Downes*
CHRISTOPHER DOWNES
Attorneys for Plaintiff
52 Duane Street, 5th Floor
New York, New York 10007
(212) 571-7100

7

Page 15 of 16 Received on 8/18/2008 12:16:37 PM [US Mountain Standard Time]

**CHRISTOPHER DOWNES**, an attorney duly licensed to practice law in the Courts of the State of New York, affirms the following under the penalties of perjury:

That he is an attorney associated with the attorneys for the plaintiff in the within action; that he has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to his own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters he believes it to be true and the reason that this verification is not made by plaintiff and is made by deponent is that the plaintiffs are not presently in the county where the attorneys for the plaintiff have their office.

Deponent further says that the source of his information and the grounds of his belief, as to all matters not stated upon his knowledge are from investigations made on behalf of said plaintiff.

Dated: New York, New York
August 5, 2008

*Christopher Downes*
CHRISTOPHER DOWNES