UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CHRISTINA KLEMM,                                                            08 Civ. 3641 (CBA) (SMG)

     Plaintiff,

                     **ANSWER**

 -against-

MATTHEW R. STEIN, J.A.G. &
H.E. CONSTRUCTION, INC. and
D.H.E. COMPANY, INC.,

     Defendants.

---------------------------------------------------------X

   Defendant, MATTHEW R. STEIN, by his attorneys, WADE CLARK MULCAHY, as and for his answer to the plaintiff's complaint, respectfully alleges:

   1.  Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

   2.  Denies knowledge and information sufficient to form a belief as to the truth of this allegation and leaves all matters of law to the Honorable court.

   3.  Denies knowledge and information sufficient to form a belief as to the truth of this allegation and leaves all matters of law to the Honorable court.

   4.  Admits.

   5.  Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

   6.  Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

7. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

8. Admits.

9. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

10. Denies knowledge and information sufficient to form a belief as to the truth of this allegation and leaves all matters of law to the Honorable court.

11. Admits.

12. Denies and leaves all matters of law to the Honorable court.

13. Denies and leaves all matters of law to the Honorable court.

14. Denies and leaves all matters of law to the Honorable court.

15. Denies and leaves all matters of law to the Honorable court.

16. Denies and leaves all matters of law to the Honorable court.

17. Denies and leaves all matters of law to the Honorable court.

18. Denies and leaves all matters of law to the Honorable court.

19. Denies and leaves all matters of law to the Honorable court.

20. Denies and leaves all matters of law to the Honorable court.

21. Denies and leaves all matters of law to the Honorable court.

22. Denies and leaves all matters of law to the Honorable court.

23. Admits

24. Denies and leaves all matters of law to the Honorable court.

25. Denies and leaves all matters of law to the Honorable court.

26. Admits.

27. Admits.

28. Denies knowledge and information sufficient to form a belief as to the truth of this allegation and leaves all matters of law to the Honorable court.

29. Admits.

30. Denies knowledge and information sufficient to form a belief as to the truth of this allegation and leaves all matters of law to the Honorable court.

31. Denies knowledge and information sufficient to form a belief as to the truth of this allegation.

32. Denies knowledge and information sufficient to form a belief as to the truth of this allegation and leaves all matters of law to the Honorable court.

33. Denies.

34. Denies and leaves all matters of law to the Honorable court.

35. Denies and leaves all matters of law to the Honorable court.

## *AS AND FOR A FIRST AFFIRMATIVE DEFENSE*

36. The defendant not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby asserts and reserves unto himself the defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

### *AS AND FOR A SECOND AFFIRMATIVE DEFENSE*

37. The complaint fails to state a claim upon which relief may be granted.

### *AS AND FOR A THIRD AFFIRMATIVE DEFENSE*

38. Pursuant to CPLR Article 16, the liability of defendant, MATTHEW R. STEIN, to the plaintiff herein for non-economic loss is limited to defendant, MATTHEW STEIN, equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

### *AS AND FOR A FOURTH AFFIRMATIVE DEFENSE*

39. Plaintiff has recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources. Any award made to plaintiff shall be reduced in accordance with the provisions of CPLR 4545(c).

### *AS AND FOR A FIFTH AFFIRMATIVE DEFENSE*

40. Any damages sustained by the plaintiff were caused by the culpable conduct of the plaintiff, including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant. But if a verdict of judgment is awarded to the plaintiff, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

### *AS AND FOR A SIXTH AFFIRMATIVE DEFENSE*

41. Plaintiff may have failed to mitigate damages.

### *AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE*

42. Plaintiff's alleged loss and damage, if any, resulted wholly and solely from the fault, neglect and want of care of the plaintiff or persons or parties other than defendant, for whose acts said defendant is not liable or responsible and not as a result of any negligence.

### *AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE*

43. This defendant is entitled to a set-off if any tort feasor has or will settle with plaintiff pursuant to G.O.L. 15-108.

### *AS AND FOR A NINTH AFFIRMATIVE DEFENSE*

44. That the plaintiff could with due diligence have obtained personal jurisdiction over tortfeasors not made parties to this lawsuit and thus the culpability of such missing or absent tortfeasors is to be apportioned into the total culpability allegedly causing the subject occurrence.

### *AS AND FOR A TENTH AFFIRMATIVE DEFENSE*

45. That by entering into the activity in which the plaintiff was engaged at the time of the occurrence set forth in the complaint, said plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff herein as alleged in the complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiff in her activities and such risks were assumed and accepted by her in performing and engaging in said activities.

### *AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE*

46.     Whatever injuries and/or damages sustained by the plaintiff at the time and place alleged in the complaint, were due to the acts of parties over whom the defendant was not obligated to exercise any control or supervision.

### *AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE*

47.     The injuries sustained by plaintiff, if any, were not proximately caused by any act of omission of answering defendant.

### *AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE*

48.     The complaint must be dismissed, as answering defendant owed no duty to plaintiff.

### *AS AND FOR A CROSS CLAIM FOR CONTRIBUTION*

49.     That if plaintiff was caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, such damages were sustained by reason of the acts, conduct, misfeasance or nonfeasance, of co-defendants, J.A.G. & H.E. CONSTRUCTION, INC. and D.H.E. COMPANY, INC., their agents, servants and/or employees, and not by this answering defendant, and if any judgment is recovered by plaintiff against this answering defendant, such defendant will be damaged thereby, and co-defendants, J.A.G. & H.E. CONSTRUCTION, INC. and D.H.E. COMPANY, INC., is or will be responsible therefore in whole or in part.

### *AS AND FOR A CROSS CLAIM FOR INDEMNIFICATION*

50.     That if plaintiff was caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, and if any judgment is  recovered by the plaintiff against this answering defendant, that  under a contract entered into between

the parties or by reason of express or implied warranty, the co-defendants, J.A.G. & H.E. CONSTRUCTION, INC. and D.H.E. COMPANY, INC., will be liable over to this answering defendant pursuant to the terms of the indemnity agreement in said contract or warranty, for the full amount of any verdict or judgment awarded to the plaintiff against this answering defendant, together with attorneys fees, costs and disbursements.

### AS AND FOR A THIRD CROSS-CLAIM
*(Kinney Claim)*

51.   Upon information and belief, the defendants MATTHEW R. STEIN, J.A.G. & H.E. CONSTRUCTION, INC. and/or D.H.E. COMPANY, INC., entered into a contract with regard to the premises in question. The contract was in full force and effect on the date of plaintiff's incident. Under the terms of the contract, defendants, J.A.G. & H.E. CONSTRUCTION, INC. and/or D.H.E. COMPANY, INC. agreed to purchase a liability policy for the benefit of and providing coverage for defendant, MATTHEW R. STEIN, for claims such as those asserted by plaintiff in this action. Upon information and belief, defendants, J.A.G. & H.E. CONSTRUCTION, INC. and/or D.H.E. COMPANY, INC. failed to obtain such a liability insurance policy as required by the terms of the contract. This failure by defendants is a breach of the contract.

By reason of the foregoing, this defendant, MATTHEW R. STEIN has been damaged and is entitled to indemnification for any verdict or judgment that plaintiff may obtain against it including, but not limited to, attorneys fees, costs or disbursements.

WHEREFORE, defendant, MATTHEW R. STEIN demands judgment dismissing the complaint herein together with the costs and disbursements of this action.

Dated: New York, New York
December 3, 2008

                                                  WADE CLARK MULCAHY

                                                  **/s/**_____
                                                  Michael A. Bono, Esq.
                                                  *Attorneys* for Defendant:
                                                  Matthew R. Stein
                                                  111 Broadway, 9th Floor
                                                  New York, New York 10006
                                                  (212) 267-1900
                                                  (212) 267-9470 - Fax
                                                  Our File No.: 150.5897.1MB

TO: (See Attached Affidavit)

STATE OF NEW YORK  )
COUNTY OF NEW YORK) ss:

Sandra Reddish being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Brooklyn, New York.

That on December 3, 2008, deponent served the within *Answer* upon the attorneys and parties listed below by United States prepaid mail:

TO:

Christopher Downes, Esq.
O'DWYER & BERNSTIEN, LLP
*Attorneys for Plaintiff:*
*Christina Klemm*
52 Duane Street
New York, New York 10007
(212) 571-7100
(212) 571-7124 – Fax

KRAL, CLERKIN, REDMOND,
RYAN, PERRRY & GIRVAN
*Attorneys for Defendant:*
*J.A.G. & H.E. Construction, Inc.*
170 Broadway, Suite 500
New York, New York 10038
(212) 406-9710
(212) 571-0874 – Fax

GOLDBERG SEGALLA, LLP
*Attorneys for Defendant*
*D.H.E. Company, Inc.*
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
(914) 798-5400
(914) 798-5401 – Fax

                                                    **/s/**
                                            Sandra Reddish

Sworn to before me this
3rd day of December, 2008

**/s/**
Notary Public